NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AURELIA LAPAZ, | : <br> : <br> : Civil Action No. 13-4584 (SRC) <br> Plaintiff, : <br> : <br> v. : OPINION & ORDER <br> : <br> BARNABAS HEALTH SYSTEM, et al, : <br> : <br> Defendants. : |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Plaintiff Aurelia Lapaz for reconsideration of the Court's January 28, 2015 Order, which granted summary judgment in favor of Defendants. Defendants oppose the motion. Because Plaintiff's motion for reconsideration simply reasserts the same arguments that the Court already expressly assessed in its earlier disposition of this case, the Court will deny Plaintiff's motion.

In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i). That Rule provides that a party may move for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The moving party must, in the supporting brief, indicate "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or

1

to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citation omitted).

Here, Plaintiff argues that reconsideration is warranted to prevent a manifest injustice and to correct a clear error of law and fact.  Plaintiff urges that the workplace log which she signed was outmoded, and that falsification of it was therefore inconsequential or impossible.  Plaintiff also stresses that other employees failed to properly complete the log but were not disciplined.

In an Opinion accompanying its January 28, 2015 Order, this Court already rejected both of these contentions.  The Court held that Plaintiff had failed to rebut the nondiscriminatory justification that Defendants offered for asking her to resign.  Defendants asserted "that they asked Plaintiff to resign because she committed a terminable offense; namely, on February 27, 2013, Plaintiff falsified the ICS log by indicating that she had completed a narcotics count which she had not yet, in fact, completed." (Op. at 6).  Plaintiff challenged that justification by asserting that other nurses -- ones who did not fall into a protected class -- failed to sign the log but were not disciplined.  The Court expressly rejected that argument, asserting:

> Plaintiff fails to provide a record of those other employees' identities, which is needed to conclude that they were not class-members. More importantly, in order for a comparison between other employees and Plaintiff to be probative, those other employees must have engaged in the same or similar misconduct as Plaintiff. Neglecting to sign a log and falsely signing it are not one and the

2

> same. Defendants were free to discipline the latter as more serious than the former.

> [Op. at 6-7 (internal citations and quotation marks omitted)].

The Court also explicitly disposed of Plaintiff's arguments "that the log was insignificant and signed out of habit" and "that the log was of diminished importance in light of more advanced recordkeeping." (Op. at 2, 7). The record established that document-falsification was a terminable offense at the hospital, and the Court highlighted deposition testimony reflecting that the ICS log still served an important purpose despite advances in record-keeping technology. The Court further cited Plaintiff's own admission that "signing the log early was unacceptable." (Op. at 2). Plaintiff's new formulation that falsification was a "legal impossibility" is inappropriately presented for the first time on this motion; but in any event, it outright contradicts the record evidence already considered by this Court.

Plaintiff additionally restates her argument that she administratively exhausted her age discrimination claim. The Court already considered that contention and concluded that "it would not reasonably be anticipated that a charge of race and national origin discrimination would also include or lead to a claim based on age." Op. at 3, 7-8.

All told, Plaintiff fails to meet the heavy burden required to warrant the extraordinary remedy of reconsideration. Plaintiff's disagreement with the Court's analysis is not a ground to reconsider. Accordingly,

**IT IS** on this 17th day of March, 2015,

**ORDERED** that Plaintiff's motion for reconsideration [docket entry 43] is **DENIED**.

>     s/ Stanley R. Chesler
>     STANLEY R. CHESLER
>     United States District Judge